UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                                    )
ANTONIO RAFAEL ACOSTA CEDENO,  )
          Petitioner,                               )
                                                    )
v.                                                  )          Civil No. 25-13193-LTS
                                                    )
PATRICIA HYDE et al.,                               )
          Respondents.                              )
———————————————————————)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 5, 2025

SOROKIN, J.

Antonio Rafael Acosta Cedeno, a citizen of Venezuela who is presently in immigration

detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  His petition is ALLOWED as

described below.

On October 29, 2025, Acosta Cedeno was arrested by officers with Immigration and

Customs Enforcement, Doc. No. 1 ¶ 3, and he is now detained at Plymouth County Correctional

Facility, Doc. No. 11.  At the time of his arrest, Acosta Cedeno was present and living in the

United States, having previously entered the country without inspection and without being

paroled by immigration authorities.  See Doc. No. 1 ¶¶ 7, 8.

The day of his arrest, Acosta Cedeno instituted this action by filing a habeas petition.

Doc. No. 1.  The petition raises claims similar to those the Court has evaluated in other cases.

See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21;

Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  The

respondents answered the petition today.  They "concede" that the Court's decisions in Garcia

and Encarnacion "(among others) control this case."  Doc. No. 10 at 1.  Though they continue to

disagree with the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary before the Court renders a decision. Id. at 1–3.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' concession that Acosta Cedeno is not subject to mandatory detention under 8 U.S.C. § 1225(b). See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).[1]  He is therefore entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Acosta Cedeno unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] and 2) the respondents shall not retaliate against Acosta Cedeno in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[1] As far as the undersigned is aware, at least a dozen judges sitting in this courthouse have now rendered decisions rejecting the government's position.  The respondents cite no case in which any judge in this District has analyzed the relevant statutes and endorsed the respondents' view.
[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).